**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No.**    1:18-cv-02268

CARMEN ELECTRA,

      Plaintiff,

v.

4842 MORRISON RD. CORP *D/B/A* THE PLAYERS CLUB *a/k/a* PLAYERS CLUB; and TWO FUSES LLC,

      Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff, Carmen Electra, by and through her attorneys, BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C., hereby submits her Complaint and Jury Demand against Defendants, 4842 Morrison Rd. Corp d/b/a/ The Players Club a/k/a Players Club; and Two Fuses LLC., and alleges and avers as follows:

**INTRODUCTION**

1.    This is an action for damages and other relief arising from the misappropriation, misuse, and alteration of Plaintiff's image by Defendants in order to promote their strip club, Players Club.

2.    Defendants use their Players Club website and online social media marketing platforms to market and advertise the Players Club as being "Denver's Best Strip Club."

3.    As a means of illustrating their claim as Denver's "Best Strip Club" and in an effort to drive traffic and economic and commercial benefits to the Players Club, Defendants

posted pictures of many women on their website and social media platforms, including on Players Club's Facebook and Instagram pages.

4.     To promote the Players Club, and in furtherance of Defendants' commercial benefit, Defendants repeatedly posted, and then maintained, on the Players Club Facebook and Instagram pages, an image of Plaintiff, Carmen Electra altered to connect her to and associate her with the Players Club and its events and activities, creating a false impression that Plaintiff worked at or was affiliated with Players Club, would appear at Players Club events, or endorsed the Players Club and its events and activities.

5.     Carmen Electra is not employed by Players Club, she does not strip or dance at Players Club, she does not affiliate herself in any way with Players Club or endorse its promotional activities and events, and she never has.

6.     Defendants did not have Carmen Electra's permission to use her image or likeness and never asked her for permission to use her image or likeness.

7.     Defendants have not compensated Carmen Electra for the use of her image or likeness for commercial or any other purpose.

8.     Defendants knew that their use of Plaintiff's image and likeness was unauthorized, and knew that their use of Plaintiff's image would cause consumer confusion as to Plaintiff's sponsorship, approval of, affiliation with, and/or employment at Players Club.

9.     Defendants' unauthorized use of the Plaintiff's image, likeness, and/or identity, as described herein, violates section 43 of the Lanham Act, 15 U.S.C. §1125(a).

10.     This action seeks all damages as compensation for Defendants' unlawful activities, the Defendants' profits that are attributable to their unlawful use of Carmen Electra's

image, likeness, and identity, treble damages as well as attorney's fees, all pursuant to statute, and other such relief as would be fair and just to remedy Defendants' unlawful acts, and to ensure that no such violations occur in the future.

## PARTIES

11.    Plaintiff Carmen Electra is an internationally known iconic and recognizable talent, actress, model, television personality, and businesswoman, residing in Los Angeles County, California.

12.    Defendant 4842 MORRISON RD. CORP d/b/a The Players Club a/k/a Players Club, ("Morrison Rd. Corp") is a Colorado corporation, with a principal place of business and registered agent at 6710 Federal Blvd. Denver, CO 80221.

13.    Defendant Morrison Rd. Corp owns and operates a strip club in Denver, Colorado, called Players Club.

14.    Defendant Two Fuses LLC, ("Two Fuses") is a Colorado Limited Liability Company, with a principal place of business and registered agent at 347 Forest Street, Denver CO 80220.

15.    Upon information and belief, Two Fuses is an owner and/or operator of the Players Club strip club at 6710 Federal Blvd. Denver, CO 80221.

## JURISDICTION AND VENUE

16.    Jurisdiction in this case is based upon 28 U.S.C. § 1331, because Plaintiff's claims arise under 15 U.S.C. § 1125(a)(1) (The Lanham Act).

17.    The Court has personal jurisdiction over Defendants by virtue of their presence and operations in Colorado, their state of creation and their principle place of business, by their

transacting business in Colorado, and by virtue of their improper acts and violations of the Lanham Act in this state, all of which has caused Plaintiff damages, and through regular, continuous, and systematic contacts with Colorado such that this Court's exercise of personal jurisdiction over Defendants is proper, reasonable, and comports with traditional notions of fair play and substantial justice.

18.     Venue is proper in this Court because the Defendants reside in this district, Defendants are subject to personal jurisdiction in this venue, and this district is where substantial part of the events or omissions giving rise to the claims stated herein occurred.

## GENERAL ALLEGATIONS

### Defendants' Use of Website and Social Media Platforms for Marketing

19.     The Defendants coordinate the advertising, marketing and promotional activities for the Players Club through, among other things, active and dynamic use of the Players Club website and various coordinated social media promotions through Facebook, Instagram, and Twitter, ("social media sites"), among others.

20.     Defendants' marketing and promotional activities are publicly accessible through the World Wide Web, various social media outlets, and affirmative prospect marketing.

21.     Defendants further promote the Players Club business by and through the use of marketing strategies and channels including, but not limited to, the following: the active use of social media sites such as Instagram with 3,050 followers, Facebook with 8,679 followers, and Twitter with 984 followers, and website links to Defendants' social media platforms.

22.     At all times relevant to this Complaint, Defendants had actual and exclusive control over the contents contained within and/or displayed on each of these marketing channels.

23.     Upon information and belief, Defendants manage, operate and/or control a "Facebook page" (accessible via the URL: https://www.facebook.com/Players-Club-100859246626015) through which they promote, endorse, and market their business, solicit customers, and advertise events for the Players Club strip club, and particularly through the use of images of women in various stages of undress.

24.     Defendants have at all times relevant to this Complaint exercised actual control over the contents displayed on their Facebook page through their own personal acts of posting items on the Facebook page, or by expressly permitting and condoning another person(s)' act of posting items on the Facebook page.

25.     Upon information and belief, Defendants manage, operate and/or control an "Instagram account" (accessible via the Instagram Social Media Platform: Instagram at https://www.instagram.com/playersclubdenver/) through which they promote, endorse, and market their business, solicit customers, and advertise events for the Players Club strip club, and particularly through the use of images of women in various stages of undress.

26.     Defendants have at all times relevant to this Complaint exercised actual control over the contents displayed on their Instagram account through their own personal acts of posting items on the account, or by expressly permitting and condoning another person(s)' act of posting items on the Instagram account.

27.     Upon information and belief, Defendants manage, operate and/or control a "Twitter profile" (accessible via the Twitter Social Media Platform: https://twitter.com/PlayersDenver) through which they promote, endorse, and market their

business, solicit customers, and advertise events for the Players Club strip club, and particularly through the use of images of women in various stages of undress.

28.     Defendants have at all times relevant to this Complaint exercised actual control over the contents displayed on their Twitter profile through their own personal acts of posting items on the Twitter profile, or by expressly permitting and condoning another person(s)' act of posting items on the Twitter profile.

29.     Upon information and belief, Defendants manage, operate and/or control a website (accessible via the URL www.playersclubdenver.com), through which they promote, endorse, and market their business and their social media sites, solicit customers, and advertise events for the Players Club strip club.

30.     The Players Club website identifies the Players Club as being "Denver's Best Strip Club."

31.     The  Defendants have at all times relevant to this Complaint exercised actual control over the contents displayed on their website through their own personal acts of posting items on the website, or by expressly permitting and condoning another person(s)' act of posting items on the website.

32.     Defendants have used Plaintiff Carmen Electra's image and likeness in advertisements and marketing displays on Defendant's social media accounts, and specifically Instagram and Facebook, to generate additional revenue, increase sales, and promote the patronage of the Players Club.

**Plaintiff Is a Professional Model and Her Images Are Commercially Valuable**

33.     Carmen Electra, at all times relevant to the claims herein, is a professional model, actress, recording artist, television personality, and businesswoman who earns her living by, *inter alia*, acting, modeling, and selling her image to companies and individuals for the advertisement of products and services.

34.     Carmen Electra earns a living by, *inter alia*, promoting her image and likeness to select clients, companies, commercial brands, media, social media and entertainment outlets for the advertisement of products and services, as well as the promotion of her own reputation and brand for modeling, acting, hosting, and other opportunities.

35.     Carmen Electra's career in modeling, acting, and private enterprise has value stemming from the goodwill and reputation she has built, all of which is critical to establishing a brand, being selected for jobs, and maximizing earnings.

36.     Carmen Electra commands substantial sums of money for the licensed commercial use of her image.

37.     A model's reputation directly impacts the commercial value associated with the use of ones' image, likeness, or identity to promote a product or service.

38.     Carmen Electra is a professional model in the ordinary course; she seeks to control the commercial use and dissemination of her image and, thus, actively participates in vetting and selecting modeling, acting, advertising, brand spokesperson, or hosting engagements.

39.     In the modeling industry, reputation is critical; endorsing, promoting, advertising or marketing the "wrong" product, brand, business, or service, or working in a disreputable

industry, can severely impact a model's career by limiting or foreclosing future modeling or brand endorsement opportunities.

40.     Conversely, association with high-end companies, products, or magazines can enhance and amplify a model's earning potential and career opportunities by making a model more sought after and desirable.

41.     As set forth below, Plaintiff Carmen Electra's image used by the Defendants to advertise and promote the Players Club has been misappropriated and intentionally altered by or at the direction of the Defendants without Carmen Electra's consent for use in their online marketing scheme designed to promote the Defendants' Players Club business.

### The Misappropriated Image

42.     On August 22, 2015, August 28, 2015, August 31, 2015, and September 1, 2015, without Plaintiff's knowledge, consent, or authorization, Defendants posted Plaintiff Carmen Electra's image and likeness on Defendants' Instagram and Facebook pages to promote Defendants' strip club and an "Amateur Night" event at the Players Club strip club.

43.     Attached as **Exhibit 1** are copies of Defendants' use of Carmen Electra's image and likeness on their Facebook and Instagram social media sites, which are hereby incorporated by reference.

44.     After Defendants used Carmen Electra's image on their Facebook and Instagram sites, Carmen Electra discovered the Defendants' use of her image and discovered that Defendants were knowingly and without prior consent using her image.

45.     Defendants' use and alteration of Plaintiff Carmen Electra's image on Defendants' social media sites for the Players Club falsely implies that Plaintiff has worked for, endorsed, or is otherwise affiliated with the Players Club.

46.     Defendants' use was unauthorized and for a commercial purpose to attract clientele, promote the Players Club, and generate revenue for the Defendants.

47.     Plaintiff Carmen Electra is readily identifiable in the misappropriated image and Defendants could not reasonably believe that Plaintiff Carmen Electra was an employee or agent of the Defendants or otherwise affiliated with the Defendants or the Players Club.

48.     Defendants have never contacted Carmen Electra, either directly or indirectly, to request permission to use her image, likeness, or identity.

49.     Defendants never hired or contracted with Plaintiff Carmen Electra to advertise, promote, market or endorse the Players Club.

50.     Plaintiff Carmen Electra has never been employed by Defendants or contracted with Defendants to participate in events at the Players Club.

51.     Defendants never sought permission or authority to use or alter Plaintiff Carmen Electra's image, likeness, or identity to advertise, promote, market or endorse the Players Club.

52.     Plaintiff Carmen Electra never gave permission, or assigned, licensed, or otherwise consented, to Defendants using or altering her image, likeness, or identity to advertise, promote, market or endorse the Players Club.

53.     Defendants neither offered nor paid any remuneration to Plaintiff Carmen Electra for the unauthorized use of her image, likeness, or identity, including on their social media sites.

54. Defendants' use and alteration of Plaintiff Carmen Electra's image creates the false perception that Carmen Electra worked for Players Club, or had consented or agreed to promote, advertise, market and/or endorse the Players' Club and its events to the benefit Defendants' commercial interests.

## FIRST CAUSE OF ACTION

### Violation of the Lanham Act, 15 U.S.C. § 1125(a)

55. Plaintiff hereby incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully alleged herein.

56. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), applies to Defendants.

57. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), protects Plaintiff from the Defendants' conduct described herein.

58. Defendants used Plaintiff's image, likeness and/or identity as described herein without authority in order to, *inter alia*, create the perception that the Plaintiff worked at or was otherwise affiliated with the Players Club, endorsed the Players Club or the Players Club's business activities, and/or consented to or authorized Defendants' or the Players Club's usage of her image in order to advertise, promote, and market the Players Club and Defendants' business activities.

59. Defendants' use and alteration of the Plaintiff's image, likeness and/or identity to advertise, promote, and market Defendants' business, the Players Club, and/or the Players Club's events and activities as described in this Complaint was false and misleading and a misrepresentation of fact.

60.     Defendants' unauthorized use and alteration of the Plaintiff's image, likeness and/or identity as described in this Complaint constitutes false advertising by suggesting or implying, *inter alia*, that the Plaintiff worked at or was otherwise affiliated with the Players Club, endorsed Defendant's business, the Players Club or the Players Club's events or activities, or consented to or authorized Defendants' or the Players Club's usage or alteration of her image in order to advertise, promote, and market Defendants' business or the Players Club's events and activities and/or that the Plaintiff would participate in or appear at the specific event promoted in the advertisement.

61.     Defendants' false advertising described above has the capacity or tendency to confuse or deceive consumers, including actual and prospective patrons to the Players Club, as to the general quality of attendees and participants at the Players Club and in its events, as well as specifically whether the Plaintiff worked at or was otherwise affiliated or associated with or connected to the Players Club, endorsed, sponsored, or approved of Defendants' business, the Players Club, or the Players Club's events or activities, or would appear in person at the Defendant Players Club's events and activities, and particularly at the specific event promoted in Defendants' branding, advertising, and social media posts.

62.     Upon information and belief, Defendants' false and deceptive advertising described above did, in fact, deceive and/or cause consumer confusion as to whether the Plaintiff worked at or were otherwise affiliated or associated with or connected to the Players Club, endorsed, sponsored, or approved of Defendants' business, the Players Club or the Players Club's events and activities, or consented to or authorized Defendants' or the Players Club's usage of her image in order to promote Defendants' business or the Players Club's events and

activities and particularly at the specific event promoted in the Defendants' branding, advertising, and social media posts.

63. Among other things, upon information and belief, such unauthorized use and alteration of Plaintiff's image misled and served to entice consumers and prospective consumers to visit the Players Club and participate in and attend events at the Players Club and had a material effect and impact on the decision of patrons and prospective patrons to visit Defendants' business establishment.

64. Defendants' advertisements, promotions, and marketing of the Players Club and events at the Players Club occur in and are targeted to interstate commerce. Specifically, Defendants promote their business and events through interstate promotions and campaigns to target persons from several different states across the United States. Defendants principally use the World Wide Web, social media, and other vehicles of interstate commerce to advertise, market, promote, and entice or lure traffic and patronage to their establishment.

65. Defendants' unauthorized use of the Plaintiff's image, likeness, and/or identity as described herein was designed to benefit Defendants' commercial and business interests by, among other things, promoting the Players Club and its activities and attracting clientele to the Players Club, thereby generating revenue for the Defendants to the detriment of the Plaintiff.

66. Defendants knew or should have known that their unauthorized use of the Plaintiff's image, likenesses, and/or identities would cause consumer confusion as described in this Complaint.

67. Defendants' unauthorized use and alteration of the Plaintiff's image, likeness, and/or identity, as described herein violates 15 U.S.C. §1125(a), and was wrongful.

68.     Defendants' wrongful conduct as described herein was willful.

69.     Defendants had actual or constructive knowledge of the wrongfulness of their conduct, acted with intent to deprive the Plaintiff of her interests and rights, and further acted with actual or constructive knowledge of the high probability that injury or damage would result to the Plaintiff.

70.     The method and manner in which Defendants used and altered the image of the Plaintiff further evinces that Defendants were aware of and/or consciously disregarded the fact that the Plaintiff did not consent to Defendants' use of her image to advertise Defendants' business.

71.     Defendants have caused and will continue to cause irreparable harm and damage to the Plaintiff, her reputation, and brand by attributing to the Plaintiff her involvement with or endorsement of the Players Club strip club and Plaintiff's association with events and activities relating thereto.

72.     Defendants also have damaged the Plaintiff as a direct and proximate result of their unauthorized use of Plaintiff's image, likeness, and/or identity without compensating Plaintiff, thereby entitling Plaintiff to recover in money damages the actual and fair market value of each misappropriated use of her image and likeness in an amount to be established by proof at trial.

73.     As a further direct and proximate result of Defendants' conduct as alleged herein, Defendants have earned and withheld profits attributable directly or indirectly to the unlawful use of Plaintiff's image, entitling Plaintiff to disgorgement of those ill-gotten gains in an amount to be established by proof at trial.

74.    Defendants' conduct was purposeful and malicious in that Defendants knowingly violated Plaintiff's rights solely to benefit their business, increase profits, and avoid paying money to legally acquire the right to commercial use of the Plaintiff's image, and consequently, exceptional relief is warranted pursuant to 15 U.S.C. §§ 1116, and 1117(a), entitling Plaintiff to treble damages and reasonable attorneys' fees.

## PRAYOR FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against the Defendants and each of them for relief in amounts to be determined at trial, as follows:

1. All damages allowed by 15 U.S.C. §§ 1125, 1116, and 1117, including all actual and consequential damages sustained by Plaintiff, including all economic damages and losses, disgorgement of profits attributable to Defendants' misappropriation of the Plaintiff's image and likeness, and well as treble damages and reasonable attorney's fees;

2. Pre and post judgment interest;

3. Costs and expenses, including expert fees and costs;

4. For such further and other relief as the Court deems just.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 31st day of August, 2018.

**BURG SIMPSON**
**ELDREGE HERSH & JARDINE, P.C.**

*(Original signature on file at the offices of Burg Simpson Eldredge Hersh & Jardine, P.C.)*

s/  Steven G. Greenlee
Steven G. Greenlee, Reg. No. 24577
40 Inverness Drive East
Englewood, CO 80112
Phone:  303-792-5595
sgreenlee@burgsimpson.com.